JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038
(212) 545-4000
John A. Snyder II (JS 4786)
Mitchell Boyarsky (MB 7995)

ATTORNEYS FOR DEFENDANT
REED ELSEVIER, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PETER BINGAMAN,

> Plaintiff,

-against-

REED ELSEVIER, INC.,

> Defendant.

Case No. 07 CV 10673
(RWS) (FM)

---

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## <u>TABLE OF CONTENTS</u>

Page

PRELIMINARY STATEMENT ................................................................. 1

SUMMARY OF PLAINTIFF'S ALLEGATIONS AND BACKGROUND................................ 3

THE STANDARDS FOR A MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)........... 4

LEGAL ARGUMENT....................................................................... 5

POINT I:  PLAINTIFF'S BREACH OF CONTRACT CLAIM SHOULD BE DISMISSED
WITH PREJUDICE BASED ON THE EXPRESS DISCLAIMER LANGUAGE
IN HIS OFFER LETTER. .................................................... 5

POINT II:  PLAINTIFF'S CLAIM FOR FRAUDULENT INDUCEMENT SHOULD BE
DISMISSED WITH PREJUDICE AS A MATTER OF LAW.............................. 7

A. Plaintiff's Fraudulent Inducement Claim is a Mere Restatement of His Breach
of Contract Claim....................................................... 7

B. Plaintiff's Allegations Constitute a Failure to Perform Promises of Future
Acts, Which Cannot Sustain a Fraudulent Inducement Claim. .............. 10

C. The Express Language In Plaintiff's Offer Letter About The Company's
Ability To Change "Title," "Duties," "Responsibilities" And "Reporting
Relationships" Negates Any Claim Of Justifiable Reliance On Any Alleged
Misrepresentations..................................................... 12

POINT III:  PLAINTIFF'S NEGLIGENT MISREPRESENTATION CLAIM WARRANTS
DISMISSAL WITH PREJUDICE AS A MATTER OF LAW............................ 14

A. Defendant Did Not Owe Plaintiff a Fiduciary Duty...................... 14

B. Plaintiff's Allegations Involve a Failure to Perform Promises of Future Acts,
Which Cannot Give Rise to a Negligent Misrepresentation Claim. ........ 16

POINT IV: PLAINTIFF'S CLAIM FOR INTENTIONAL MISREPRESENTATION
SHOULD BE DISMISSED WITH PREJUDICE AS DUPLICATIVE OF HIS
FRAUDULENT INDUCEMENT CLAIM AND FOR FAILURE TO STATE A
CLAIM AS A MATTER OF LAW. ............................................ 18

POINT V:  IN THE ALTERNATIVE, PLAINTIFF'S CLAIM FOR DAMAGES IS LIMITED
TO THE SEVERANCE PROVISION IN THE OFFER LETTER, AND ALL
CLAIMS FOR DAMAGES BEYOND THE SEVERANCE PROVISION
SHOULD BE DISMISSED WITH PREJUDICE. ................................................. 19

CONCLUSION ............................................................................................................... 21

## PRELIMINARY STATEMENT

Defendant LexisNexis, a division of Reed Elsevier, Inc. (referred to herein as "LexisNexis" or "Defendant") submits this memorandum of law in support of its Motion to Dismiss the Complaint of Plaintiff Peter Bingaman ("Plaintiff" or "Mr. Bingaman") under Federal Rule of Civil Procedure 12 (b)(6) ("Motion to Dismiss").

Stripped of its repetitive allegations and duplicative claims, Plaintiff's four Claims for Relief in the Complaint essentially allege one cause of action for breach of contract, which should be dismissed as a matter of law. Plaintiff claims Defendant made oral misrepresentations about the stability of management, his future job responsibilities and his potential future compensation. (Complaint ¶¶ 11, 12, 13, 14.) Subsequent to these alleged oral statements, Plaintiff signed an offer letter dated January 6, 2006 with LexisNexis ("Offer Letter")[1] setting forth, among other terms, an at-will employment disclaimer provision, an express acknowledgement of LexisNexis's unfettered ability to change his "title, job duties, responsibilities and reporting relationships" and a severance provision. Shortly after Plaintiff commenced employment, his duties and responsibilities changed, and he later resigned. (Complaint ¶¶ 20, 21, 23.) Plaintiff seeks damages for breach of contract, fraudulent inducement, negligent misrepresentation and intentional misrepresentation.

As detailed below, Defendant's Motion to Dismiss should be granted as a matter of law because Plaintiff has utterly failed to state the following causes of action:

- **Breach of Contract (First Claim for Relief):** The express language in Plaintiff's Offer Letter unequivocally put Mr. Bingaman on notice that his "titles duties, responsibilities reporting relationships may evolve or change from

---

[1] The Offer Letter is annexed as "Exhibit A" to the Affidavit of John A. Snyder II ("Snyder Aff.") submitted in support of Defendant's Motion to Dismiss.

time to time as the company deems necessary and appropriate." This explicit acknowledgement in the Offer Letter signed by Mr. Bingaman negates any claim of breach of contract based on changed job responsibilities and reporting structure.

- **Fraudulent Inducement (Second Claim for Relief):**  Plaintiff's fraudulent inducement claim is barred because it merely restates his breach of contract claim and is based upon a failure to perform an alleged promise of future acts, which does not give rise to a claim of fraudulent inducement under New York law.

- **Negligent Misrepresentation (Third Claim for Relief):**  Plaintiff's negligence claim is barred because: (a) Defendant did not owe Plaintiff any special or fiduciary duty; (b) the claim is based on a failure to perform future actions, not misrepresentations of present fact (see supra); and (c) the express language in Plaintiff's Offer Letter reserves the company's right to change Mr. Bingaman's title, position, responsibilities and any other terms and conditions as an at-will employee, thereby undermining any claim of justifiable reliance.

- **Intentional Misrepresentation (Fourth Claim for Relief):**  Plaintiff's intentional misrepresentation claim is duplicative of Plaintiff's fraudulent inducement claim and should be dismissed with prejudice.

- **The Offer Letter's Severance Provision is a Liquidated Damages Provision:**  Alternatively, if the Court denies Plaintiff's Motion to Dismiss, in whole or in part, the Offer Letter's severance provision constitutes a liquidated damages clause, which is controlling and provides for the exclusive, potential damages available to Plaintiff in the event of termination for "Good Reason" (which Defendant vehemently disputes occurred).[2]

Accordingly, pursuant to Fed. R. Civ. P. 12(b)(6), Defendant's Motion to Dismiss should be granted dismissing Plaintiff's Complaint in its entirety with prejudice.

---

[2] Plaintiff alleges in his Complaint that the change in his duties and responsibilities constitutes "Good Reason" to terminate his employment.  In any event, Mr. Bingaman's Offer Letter states: "The Company may terminate your employment at any time and for any reason; provided, however, that if the Company terminates your employment for any reason other than for Cause, your becoming Totally Disabled, or your death, or if you resign for "Good Reason," the Company shall pay you a lump sum severance payment equal to twelve (6) months base salary at your then current base salary (the "Severance Payment") subject to withholding and deductions in accordance with the Company's normal payroll practice and applicable law."  It is respectfully submitted that, in the event Defendant's Motion to Dismiss is denied, the liquidated damages provision set forth in the Offer Letter is Plaintiff's sole and exclusive remedy against Defendant and discovery should be narrowly tailored to whether:  (1) Mr. Bingaman terminated his employment for "Good Reason"; and (2) the amount of liquidated damages in the Offer Letter is six (6) months as contended by Defendant or twelve (12) months as asserted by Plaintiff, in light of the "twelve (6) months" language in the Offer Letter.

2

## SUMMARY OF PLAINTIFF'S
## ALLEGATIONS AND BACKGROUND

The following averments taken from Plaintiff's Complaint support Defendant's

Motion to Dismiss:[3]

### Plaintiff's Recruitment

In or about September 2005, Ann Fullenkamp, Senior Vice President, Small Law

LexisNexis – North America Legal Markets discussed with Plaintiff a newly-created, vacant

position that reported to her at LexisNexis. (Complaint ¶ 8.)  In these and other communications

Ms. Fullenkamp allegedly discussed the title of the position and the organizational structure of her

department.  (Complaint ¶ 10.)  Plaintiff also met with Andrew Prozes, Chief Executive Officer;

Mike Walsh, a Senior Vice President[4]; Linda Hlavac, Senior Vice President Human Resources and

Steve Gross, Executive Managing Director, VP Marketing for Large Law.   (Complaint ¶ 12.)

During these meetings, Plaintiff was allegedly told that "the management structure was stable," the

new position "would provide a secure opportunity in the management team" and Plaintiff would

have responsibilities and reporting obligations similar to Mr. Gross.  (Id.; see also Complaint ¶ 14.)

### Plaintiff's Offer Letter

Subsequently, Plaintiff accepted at-will employment as Vice President and

Executive Managing Director - Small Law Marketing by signing his Offer Letter with LexisNexis.

The Offer Letter unequivocally states, in pertinent part, as follows:

> [Y]our title, duties, responsibilities and reporting relationship may
> evolve or change from time to time as the Company deems

---

[3] These averments are assumed to be true only for purposes of this Motion to Dismiss.  LexisNexis reserves the right
to contest these averments outside the context of the instant Motion.

[4] At all times material to this Motion, Mr. Walsh's title is Senior Vice President.

necessary and appropriate to its business circumstances and your relationship to them.

(Complaint ¶ 17; Snyder Aff. Ex. "A" at p. 3.)

The Offer Letter further states:

The employees of LexisNexis div. Reed Elsevier Inc. are employees-at-will. This means that the employment relationship is for no fixed period and is terminable at will at any time by either party. Both you and the LexisNexis div. Reed Elsevier are free to end the employment relationship at any time with or without reason or with or without notice. Also, please understand that your employment-at-will status may not be modified orally and that no management official is authorized to make any assurance or promise of continued employment.

(Snyder Aff. Ex. "A" at p. 3.) Lastly, as discussed above, the Offer Letter provides for a severance payment in the event of termination for "Good Reason." (Id.)

Plaintiff commenced his at-will employment with Defendant in the position of Vice President and Executive Managing Director - Small Law Marketing and reported to Ms. Fullenkamp. (Complaint ¶ 18.) Plaintiff claims that Defendant's representations to him about his employment with LexisNexis were false. (Complaint ¶ 32.) Several weeks after he commenced employment, Plaintiff claims he ceased reporting to Ms. Fullenkamp. (Complaint ¶ 20.) Subsequently, Plaintiff searched for another position within LexisNexis similar to his original one. (Complaint ¶ 24.) Ultimately Mr. Bingaman resigned from his employment with LexisNexis effective January 26, 2007, nearly a year after he began working for LexisNexis.

## THE STANDARDS FOR A MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)

When deciding a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the Court must accept as true all well-plead factual

allegations, since a motion to dismiss for failure to state a claim tests only the legal sufficiency of a complaint. See, e.g., Green v. Maraio, 722 F.2d 1013, 1015 (2d Cir. 1983). However, in order to avoid dismissal, however, a plaintiff must do more than plead mere "conclusory allegations or legal conclusions masquerading as factual conclusions." Gebhardt v. Allspect, Inc., 96 F. Supp. 2d 331, 333 (S.D.N.Y. 2000). To survive a motion to dismiss, the plaintiff must plead factual allegations "enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007); Readington v. Staten Island University Hosp., 06-4152-CV, 06-4179-CV, 81, *11 (2d Cir. December 14, 2007) (same). According to the Court, a plaintiff must plead factual allegations sufficient to raise his right to relief "above the speculative level" or else his complaint must be dismissed. Bell Atl. Corp. v. Twombly, 127 S.Ct. at 1965.

## LEGAL ARGUMENT

### POINT I

### PLAINTIFF'S BREACH OF CONTRACT CLAIM SHOULD BE DISMISSED WITH PREJUDICE BASED ON THE EXPRESS DISCLAIMER LANGUAGE IN HIS OFFER LETTER.

In his First Claim for Relief, Plaintiff claims he had "Good Reason" to terminate his employment pursuant to the Offer Letter. (Complaint ¶ 26; Snyder Aff. Ex. "A.") Plaintiff asserts that he is entitled to a severance payment under the Offer Letter because he resigned for "Good Reason." Plaintiff alleges Defendant made misrepresentations about what his level of responsibility would be as well as Defendant's management structure. (Complaint ¶ 26.)

It is well-settled under New York law that where the terms of a written contract are clear, and it purports to express the intent of the parties thereto, parole evidence generally

5

will bar the introduction of extrinsic evidence. Stone v. Schulz, 647 N.Y.S.2d 822, 823, 231
A.D.2d 707, 707-08 (2d Dep't 1996); Mizuna, Ltd. v. Grossland Fed Sav. Bank, 90 F.3d 650,
658-659 (2d Cir. 1996); Braten v. Bankers Trust Co., 60 N.Y. 2d 155, 162, 468 N.Y.S. 2d 861,
864 (1983); Myskina v. Conde Nast Publications, Inc., 386 F. Supp. 2d 409, 415 (S.D.N.Y.
2005).  The decision in Stone is instructive.  In Stone, the plaintiff entered into a written
employment contract with his employer setting forth his compensation structure.  647 N.Y.S.2d
at 823.  In his complaint, he sought additional compensation based on an oral agreement that
preceded the written contract.  Id.  The court dismissed the plaintiff's breach of contract claim
finding that the written contract superseded the prior oral agreement.  Id.

   Similarly, the express language in the Offer Letter clearly puts Mr. Bingaman on
notice that his "title," "duties," "responsibilities," and "reporting relationship" all may change
during his at-will employment with LexisNexis.  The face of the Offer Letter that Plaintiff relies
on in support of his breach of contract claim clearly contemplated each of the contingencies that
Mr. Bingaman complains about in his Complaint being changed or modified.  The Offer Letter
unambiguously states that Mr. Bingaman's title, duties, responsibilities and reporting
relationships could change "as the Company deems necessary and appropriate to its business
circumstances and your relationship to them."  Mr. Bingaman signed and accepted the Offer
Letter that expressly contained this disclaimer for future contingencies.  Given this clear and
explicit language, Plaintiff cannot now be heard to disavow this acknowledgment and selectively
pick and choose the language that he wishes to rely on in support of his breach of contract claim

6

in a strained attempt to argue that his resignation was for "Good Reason." Accordingly, the First

Claim for Relief fails as a matter of law and should be dismissed with prejudice.[5]

## POINT II

### PLAINTIFF'S CLAIM FOR FRAUDULENT INDUCEMENT SHOULD BE DISMISSED WITH PREJUDICE AS A MATTER OF LAW.

A.    **Plaintiff's Fraudulent Inducement Claim is a Mere Restatement of His Breach of Contract Claim.**

In Plaintiff's Second Cause of Action for fraudulent inducement, Plaintiff alleges

that LexisNexis fraudulently induced him to leave his former employer and thereby forfeit "the

significant career advancement opportunities, compensation and perquisites that he had, and would

have continued to enjoy, at [his former employer]." (Complaint ¶ 30.) Plaintiff further alleges that

he "decided to leave the stability and opportunities at IBM to accept employment with LexisNexis"

based on Defendant's alleged misrepresentations. (Complaint ¶ 31.) Finally, Plaintiff claims that

the alleged representations were false, which became readily apparent to him after he joined

LexisNexis. (Complaint ¶ 32.) Plaintiff's fraudulent inducement allegations simply recycle his

breach of contract claims in an improper attempt to convert the contract claims into an action for

fraud. Indeed, Plaintiff's allegations of fraud are based on the exact same allegations he asserts in

---

[5] In the Complaint, Plaintiff repeatedly refers to the Offer Letter, which is incorporated by reference in the Complaint and, thus, clearly should be considered in Defendant's Motion to Dismiss. See, e.g., Dangler v. New York City Off Track Betting Corp., 193 F.3d 130, 138 (2d Cir. 1999) (in deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the "court is to look only to the allegations in the complaint and any documents attached to or incorporated by reference in the complaint"). Defendant respectfully submits that its Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) should not be converted to a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 by virtue of attaching to its moving papers the Offer Letter referenced in -- but not attached to -- Plaintiff's Complaint. In the event the Court were to decide to convert Defendant's motion to a Rule 56 Motion for Summary Judgment, LexisNexis respectfully requests that it be afforded the opportunity to submit affidavits and to make additional submissions consistent with a Motion for Summary Judgment under Fed. R. Civ. P. 56.

support of his breach of contract claim.  (Cf. Complaint ¶¶ 25-28 (breach of contract claim) to ¶¶ 29-34 (fraudulent inducement claim).)

To state a claim for fraudulent inducement under New York law, a plaintiff must prove:  (1) that the defendant made a misrepresentation; (2) as to a material fact; (3) which was false; (4) and known to be false by the defendant; (5) that was made for the purpose of inducing the plaintiff's reliance; (6) on which the plaintiff reasonably relied; (7) in ignorance of its falsity; (8) to the plaintiff's injury.  See Murray v. Xerox Corp., 811 F.2d 118, 121 (2d Cir. 1987); Brown v. Lockwood, 76 A.D.2d 721, 730, 432 N.Y.S.2d 186, 193 (2d Dep't 1980).

"It is black letter law in New York that a claim for common law fraud will not lie if the claim is duplicative of a claim for breach of contract."  Clifton v. Vista Computer Servs., LLC, 01 Civ. 10206, 2002 U.S. Dist. LEXIS 12977, at *4 (S.D.N.Y. July 16, 2002).  Thus, courts have repeatedly granted motions to dismiss fraud claims that are merely breach of contract claims in disguise.  See, e.g., Concorde Financial Corp. v. Value Line Corp., 03 Civ. 8020, 2004 U.S. Dist. LEXIS 14382, at *19 (S.D.N.Y. July 26, 2004) (dismissing plaintiff's fraud claim because it was not sufficiently distinct from the breach of contract claim); Metzler v. Harris Corp., 00 Civ. 5847, 2001 U.S. Dist. LEXIS 1903, at *11 (S.D.N.Y. Feb. 23, 2001) (dismissing fraud claim where court found it "is merely a disguised contract claim as the gravamen of the fraud claim is that defendant promised to pay him commissions and failed to do so"); Dalton v. Union Bank of Switzerland, 134 A.D.2d 174, 176, 520 N.Y.S.2d 764, 766 (1st Dep't 1987) (dismissing fraud claim where it merely restates breach of contract claim).

Plaintiff's allegations here are insufficient to support a claim for fraud because they are "nothing more than ... allegation[s] that [defendants] intentionally planned to breach

8

and had no intent to perform under the contract." Simas v. Merrill Corp., 02 Civ. 4400, 2004 U.S. Dist. LEXIS 1415, at *22 (S.D.N.Y. Jan. 29, 2004) (where the plaintiff's employment contract dictated the terms of his compensation and he claimed that the defendant breached that contract, the defendant's representations as to compensation were not actionable under a claim for fraud), citing Bridgestone/Firestone, Inc. v. Recovery Credit Services, Inc., 98 F.3d 13, 19 (2d Cir. 1996); see also Tierney v. Capricorn Investors, L.P., 189 A.D.2d 629, 592 N.Y.S.2d 700, 703 (1st Dep't 1993) ("A cause of action for fraud does not arise when the only fraud charged relates to a breach of contract."). Only where a plaintiff alleges that (1) the defendant's alleged fraud is "collateral or extraneous to the contract," (2) the defendant owes her a legal duty outside of the contract, or (3) she seeks "special damages unrecoverable as contract damages," will the plaintiff's action for fraud lie as separate and apart from a breach of contract claim. Simas, 2004 U.S. Dist. LEXIS 1415, at *22, citing Bridgestone/Firestone, 98 F.3d at 19. Thus, where as here, none of these exceptions are met, dismissal of a fraud claim is mandated:

> [P]laintiff did not allege that defendant breached any duty owed to plaintiff separate and apart from the contractual duty when they misrepresented their intent to perform as promised. Nor has plaintiff claimed any special damages proximately caused by the false representation, not recoverable under the contract measure of damages. Consequently, [plaintiff's fraud claim] was redundant and should have been dismissed.

Tesoro Petroleum Corp. v. Holborn Oil Co. Ltd, 108 A.D.2d 607, 484 N.Y.S.2d 834, 835 (1st Dep't 1985).

The decision in Metzler, 2001 U.S. Dist. LEXIS 1903, is directly on point. In Metzler, the plaintiff alleged "that the defendant engaged in fraudulent or negligent misrepresentation by inducing him to leave a secure job and accept employment at Harris

9

Corporation based on the representation that he would receive commissions for any business he generated." Id. at *6. The court held that "plaintiff's fraud claim is merely a disguised contract claim as the gravamen of the fraud claim is that defendant promised to pay her commission and failed to do so." Id. at *7. Therefore, the court dismissed the fraud claim because "New York law does not recognize claims that are essentially contract claims masquerading as claims of fraud." Id.

Mr. Bingaman's fraud allegations meet *none* of the above criteria. The Offer Letter speaks directly to title, job duties, responsibilities and reporting structure and so the fraud is not collateral or extraneous to the contract – indeed, it is covered by the four corners of the Offer Letter that Plaintiff relies on to support his contract claim. Similarly, Plaintiff does not allege what, if any, special duty outside the Offer Letter, he claims LexisNexis owed him.

Further, to the extent that Mr. Bingaman is seeking special damages, the damages are barred by the severance provision in the Offer Letter that provides for a stipulated payment in the event Mr. Bingaman resigned for "Good Reason," which is what he is claiming here. Plaintiff received the benefit of the compensation and other terms of the Offer Letter while employed by LexisNexis and now attempts to masquerade his breach of contract claim as a fraud claim to circumvent the Offer Letter and to seek damages beyond the stipulated severance provision. Defendant respectfully requests that Plaintiff's efforts to contort the Offer Letter in this way should not be countenanced.

Because Plaintiff's fraudulent inducement allegations are duplicative of his breach of contract claim, Plaintiff's Claim for Relief should be dismissed as a matter of law with prejudice.

**B.**    **Plaintiff's Allegations Constitute a Failure to Perform Promises of Future Acts, Which Cannot Sustain a Fraudulent Inducement Claim.**

In determining whether fraud can be properly asserted as a cause of action separate and apart from a breach of contract claim, courts analyze whether the alleged misrepresentations relate to present facts or future promises. "[P]romissory statements as to what will be done in the future" such as the promise to pay an employee only give rise to a breach of contract claim while "false representations of present fact ... give rise to a separable claim of fraudulent inducement." Stewart v. Jackson & Nash, 976 F.2d 86, 89 (2d Cir. 1992). To establish a fraudulent inducement claim, a plaintiff must allege "that promises were made to him with a present intent not to perform the promised acts since a failure to perform promises of future acts is not fraud unless there exists an intent not to comply with the promise at the time it is made." Murray, 811 F.2d at 121 (citation omitted). See also Sheth v. New York Life Ins. Co., 273 A.D.2d 72, 709 N.Y.S.2d 74, 75 (2d Dep't 2000) ("The purported misrepresentations relied upon by plaintiffs may not form the basis of a claim for fraudulent and/or negligent misrepresentation since they are conclusory and/or constitute mere puffery, opinions of value or future expectations.").

It should be noted that "[a] failure to perform promises of future acts is merely a breach of contract to be enforced by an action on the contract. A cause of action for fraud does not arise when the only fraud charged relates to a breach of contract." Ullmann v. Norma Kamali, Inc., 207 A.D.2d 691, 692-93, 616 N.Y.S.2d 583, 584 (1st Dep't 1994) (citation omitted); Miller v. Volk & Huxley, Inc., 44 A.D.2d 810, 355 N.Y.S.2d 605 606-607 (1st Dep't 1974) (same). See, e.g. Zolotar v. New York Life Ins. Co., 172 A.D.2d 27, 32, 576 N.Y.S.2d 850, 854 (1st Dep't 1991) (dismissing fraud claim that defendant deceived plaintiff into

believing he would be employed for 30 years in order to achieve a certain benefit level because it was a failure to perform a promise of a future act).

Mr. Bingaman alleges that Defendant made misrepresentations on which he relied consisting of the following:  (1) LexisNexis would have a "stable management structure"; (2) LexisNexis would provide him a secure job; and (3) LexisNexis would provide Plaintiff the level of responsibility comparable to Mr. Gross – another executive in the Marketing Department. (See Complaint ¶¶ 11-14.)  *None* of the statements relate to current conditions affecting Plaintiff. Rather, the statements are at best promises about future levels of responsibility and Plaintiff's work environment while employed at-will by LexisNexis.  As such, they cannot form the basis of a fraud claim.

**C.**  **The Express Language In Plaintiff's Offer Letter About The Company's Ability To Change "Title," "Duties," "Responsibilities" And "Reporting Relationships" Negates Any Claim Of Justifiable Reliance On Any Alleged Misrepresentations.**

Where there is "a 'meaningful conflict' between an express provision in a written contract and a prior alleged oral representation, the conflict negates a claim of a reasonable reliance upon the oral representation . . . .  Thus, the plaintiff will be unable to establish that he reasonably relied on the alleged oral representations, one element necessary to state a cause of action to recover damages for fraudulent inducement."  Stone v. Schulz, 231 A.D.2d at 707-08, 647 N.Y.S.2d at 823; Bango v. Naughton, 184 A.D.2d 961, 584 N.Y.S.2d 942 (3rd Dep't 1992) (same).

In this case, the Offer Letter expressly put Mr. Bingaman on notice that his "titles, duties, responsibilities, and reporting structure may evolve or change from time to time as the Company deems necessary and appropriate to its business circumstances and your relationship to

12

them." (Snyder Aff. Ex. "A" p. 3.) Plaintiff accepted and understood this by signing the Offer Letter. This unequivocal statement makes manifest that LexisNexis fully reserved its rights to change Mr. Bingaman's position, clearly undermining Plaintiff's assertion that he reasonably relied upon the alleged misrepresentations described in Paragraphs 11 to 14 of the Complaint. Mr. Bingaman was clearly advised that he was an at-will employee and that his job could change before he even started working for LexisNexis. Thus, Plaintiff's fraudulent inducement claim fails as a matter of law and should be dismissed with prejudice.

## POINT III

### PLAINTIFF'S NEGLIGENT MISREPRESENTATION CLAIM WARRANTS DISMISSAL WITH PREJUDICE AS A MATTER OF LAW.

**A.    Defendant Did Not Owe Plaintiff a Fiduciary Duty.**

In his Third Claim for Relief, Plaintiff purports to state a cause of action for negligent misrepresentation based on the alleged representations Defendant is claimed to have made to Plaintiff during several interviews and meetings regarding possible employment with LexisNexis. This claim is defective, as a matter of law, because, among other things, Defendant did <u>not</u> owe Plaintiff a fiduciary duty.  Moreover, the express disclaimer language in the Offer Letter belies any assertion by Plaintiff of justifiable reliance on any pre-Offer Letter statements he claims were made.

The elements for a negligent misrepresentation claim under New York Law are that: "(1) the defendant had a duty, as a result of a special relationship, to give correct information; (2) the defendant made a false representation that he or she should have known was incorrect; (3) the information supplied in the representation was known by the defendant to be desired by the plaintiff for a serious purpose; (4) the plaintiff intended to rely and act upon it; and (5) the plaintiff reasonably relied on it to his or her detriment." <u>Hydro Investors, Inc. v. Trafalgar Power Inc.</u>, 227 F.3d 8, 20 (2d Cir. 2000); <u>Elliot v. Nelson</u>, 301 F. Supp. 2d 284, 287 (S.D.N.Y. 2004). Significantly, "a plaintiff may recover only for negligent misrepresentation only where the defendant owes her a fiduciary duty." <u>Stewart v. Jackson & Nash</u>, 976 F.2d 8 at 90 (<u>citing</u>, <u>White v. Guarente</u>, 43 N.Y.2d 356, 401 N.Y.S.2d 474, 478 (1977) (misrepresentation "is not actionable unless expressly directed . . . to one to whom the author is bound by some relation of duty, arising out of contract or otherwise, to act with care if he acts at all")); <u>see</u>, <u>e.g.</u>, <u>Green v. Beer</u>, 06 Civ.

14

4156, 2007 U.S. Dist. LEXIS 12557, at *26 (S.D.N.Y. Feb. 22, 2007) (granting motion to dismiss negligent misrepresentation claim because "[p]laintiffs cannot establish that [d]efendants owed them a fiduciary duty"); Thomas v. McLaughlin, 276 A.D.2d 440, 715 N.Y.S.2d 388, 389 (1st Dep't 2000) ("the absence of a fiduciary relationship between plaintiff and defendants precluded any recovery by plaintiff from defendants on a theory of negligent misrepresentation"); O'Reilly v. NYNEX Corp., 262 A.D.2d 207; 693 N.Y.S.2d 13, 14-15 (1st Dep't 1999) (dismissing negligent retention and supervision claims because "complaint fails to allege any breach of duty independent of those imposed by written contracts").

It is well-settled under New York law that an employer and an employee are not in a fiduciary relationship. See, e.g., Metzler, 2001 U.S. Dist. LEXIS 1903, at *9 (granting the defendant employer's motion to dismiss the plaintiff employee's negligent misrepresentation claim because "plaintiff has not alleged, nor do I find there to be, a fiduciary relationship between her and the defendant"); Clifton, 2002 U.S. Dist. LEXIS 12977, at *13 (granting motion to dismiss negligent misrepresentation claims because plaintiff employee "has alleged no facts to support a claim of fiduciary relations between" plaintiff and her employer).

Mr. Bingaman has not, and indeed cannot, allege that Defendant owes him a special or fiduciary duty. In this regard, the only duty Plaintiff claims Defendant owed is set forth in Paragraph 36 of the Complaint that Defendant had some unspecified duty to him to provide him with accurate and complete information. (Complaint, ¶ 36.) Plaintiff's Complaint is utterly devoid of any allegations of a special or fiduciary duty. Further, as set forth above regarding Plaintiff's fraudulent inducement claim, Mr. Bingaman cannot sustain his contention that any alleged oral representations made prior to his execution and acceptance of the Offer Letter were inaccurate, or he

15

justifiably relied upon them, after he signed the Offer Letter and accepted at-will employment under its terms. The Offer Letter fully reserved to LexisNexis the right to change the terms and conditions of Mr. Bingaman's employment with LexisNexis. Accordingly, Plaintiff's claim for negligent misrepresentation should be dismissed as a matter of law with prejudice.

**B.     Plaintiff's Allegations Involve a Failure to Perform Promises of Future Acts, Which Cannot Give Rise to a Negligent Misrepresentation Claim.**

Plaintiff's negligent misrepresentation claim suffers from the same deficiencies discussed above in connection with his defective fraudulent inducement claim. Specifically, Plaintiff's alleged reliance upon promises of future acts is insufficient as a matter of law to maintain a claim for negligent misrepresentation. See Murray, 811 F.2d at 123; see also Hydro Investors, Inc. v. Trafalgar Power, Inc., 227 F.3d 8, 33 (2d Cir. 2000) (negligent misrepresentation claim was properly dismissed because defendants' predictions upon which plaintiff allegedly relied were "mere promises of future fact as opposed to present representations of existing fact"); Bango v. Naughton, 184 A.D.2d 961, 963, 584 N.Y.S.2d 942 (3rd Dep't 1992) (negligent misrepresentation claim was properly dismissed for failure to state a claim because the alleged representations were "mere expressions of future expectation"); Margrove Inc. v. Lincoln First Bank of Rochester, 54 A.D.2d 1105, 1107, 388 N.Y.S.2d 958 (4th Dep't 1976) ("Such factual misrepresentations are readily distinguishable from the failure to keep a promise. The mere failure of defendant to abide by its commitment cannot be made the basis of an action in tort for misrepresentation.").

Analogous to the facts in this case, in Murray, the plaintiff made a negligent misrepresentation claim based on his employer's failure to provide him with a promotion. Murray, 811 F.2d at 120. The plaintiff was employed in the defendant's office in Ohio. Id. at 120. When he did not receive the anticipated promotion, two managers persuaded the plaintiff to accept a lateral

16

transfer to a position at its headquarters in Rochester, New York after which he would receive a promotion. Id. The plaintiff in Murray also received a written statement from a manager confirming that the plaintiff would be able to transfer back to the Ohio office two to three years after working at the defendant's headquarters. Id. Relying upon the managers' offer, plaintiff sold his house in Ohio and moved his family to Rochester where he began the new job. Id. In his new position, the plaintiff experienced conflicts with his supervisor. Id. He joined another business unit and again sought a promotion, which did not occur. Id. The plaintiff then requested a transfer back to the Ohio office, which was denied. Id. In his cause of action for negligent misrepresentation, he claimed that his superiors in both the Ohio and Rochester offices were negligent in promising him promotions and transfers. The Murray court dismissed plaintiff's negligent misrepresentation claim. The Second Circuit affirmed, holding that:

> Murray's efforts to frame broken promises into misrepresentations of present facts are fruitless. Clearly, Murray complains of no more than breach of promises of future conduct regarding promotions and transfers. His complaints are not actionable under a negligent misrepresentation theory.

Id. at 123. Likewise, Mr. Bingaman's negligent misrepresentation claim is based on promises of future acts -- that management "would be" stable and his at-will employment "would be" secure -- that are insufficient as a matter of law to state a claim. Accordingly, Plaintiff's negligent misrepresentation claim should be dismissed with prejudice.

## POINT IV

### PLAINTIFF'S CLAIM FOR INTENTIONAL MISREPRESENTATION SHOULD BE DISMISSED WITH PREJUDICE AS DUPLICATIVE OF HIS FRAUDULENT INDUCEMENT CLAIM AND FOR FAILURE TO STATE A CLAIM AS A MATTER OF LAW.

The elements of a fraud claim are: (1) the defendant made a material false misrepresentation, (2) the defendant intended to deceive or defraud the plaintiff, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damages as a result of his or her reliance. Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc., 98 F.3d at 19 (citations omitted); Swersky v. Dreyer and Traub, 219 A.D.2d 321, 326, 643 N.Y.S.2d 33, 36 (1st Dep't 1996); Caron v. Travelers Corp., 96 Civ. 6236, 1998 U.S. Dist. LEXIS 10481 (S.D.N.Y. July 15, 1998). An intentional misrepresentation is synonymous with -- or an element of -- a cause of action for fraud; not a separate cause of action. See, e.g., W.S.A., Inc. v. ACA Corp., 94 Civ. 1868, 94 Civ. 1493, 1996 U.S. Dist. LEXIS 14198, at *22 fn. 9 (S.D.N.Y. September 27, 1996). See also Chen v. United States, 854 F.2d 622, 628 (2d Cir. 1988) (a claim for intentional misrepresentation is equivalent to fraud claim in the State of New York); Liberty Mut. Ins. Co. v. WAWA Tours, Inc., CV-07-0880, 2007 U.S. Dist. LEXIS 69104 at *21 fn. 10 (E.D.N.Y. September 18, 2007) (same); United States ex. rel. Mikes v. Straus, 274 F.3d 687, 696 (2d Cir. 2001) (common definition of "fraud" is "an intentional misrepresentation, concealment, or nondisclosure for the purpose of inducing another in reliance upon it to part with some valuable thing belonging to him or to surrender a legal right") (citations omitted). As a result, Mr. Bingaman's claim for intentional misrepresentation should be dismissed as repetitive and duplicative of his fraudulent inducement claim.

Further, in the face of the contrary language contained in the Offer Letter, Mr. Bingaman cannot credibly maintain that the alleged misrepresentations about LexisNexis's management structure and his position with the Company were material to his decision to accept employment with LexisNexis when he clearly accepted at-will employment knowing, understanding and accepting that his title, duties, responsibilities and reporting structure were all subject to change. Moreover, any assertion of intent to deceive, justifiable reliance or damages resulting from such alleged reliance should equally fail when LexisNexis made plain its intention in the Offer Letter he signed to reserve its rights to change Plaintiff's job. Thus, Mr. Bingaman cannot sustain a cause of action separate and apart from his fraud claim (which, as discussed above, is also subject to dismissal as a matter of law). Therefore, Plaintiff's Fourth Claim for Relief should be dismissed with prejudice.

### POINT V

### IN THE ALTERNATIVE, PLAINTIFF'S CLAIM FOR DAMAGES IS LIMITED TO THE SEVERANCE PROVISION IN THE OFFER LETTER, AND ALL CLAIMS FOR DAMAGES BEYOND THE SEVERANCE PROVISION SHOULD BE DISMISSED WITH PREJUDICE.

Plaintiff's Offer Letter contains a severance provision that constitutes a liquidated damages provision between the parties in the event of termination by Mr. Bingaman for "Good Reason," which is what Plaintiff alleges occurred here. Nonetheless, Plaintiff seeks, inter alia, damages for alleged lost compensation, punitive damages and attorneys' fees. (See Complaint ¶¶ 34, 38, 42 and "Wherefore" Clause generally.)

A liquidated damages provision in an agreement is a negotiated estimate of the extent of the injury that would be sustained were the agreement breached. Truck Rent-A-Center,

Inc. v. Puritan Farms 2nd, Inc., 41 N.Y.2d 420, 424, 393 N.Y.S.2d 365, 361 N.E.2d 1015 (1997) (upholding liquidated damages clause because it bore reasonable relationship to amount of probable or actual harm, it was a reasonable estimate at the time the contract was negotiated and executed, and it was not a penalty). The parties are free to provide for such an agreement as long as the provision is neither unconscionable nor contrary to public policy. Truck Rent-A-Center, Inc., 393 N.Y.S.2d at 368-369. Such a provision will be sustained if the amount liquidated bears a responsibility proportion to the probable loss and the amount of actual loss is incapable or difficult of precise estimation. Id. at 369. A severance provision contained in an employment agreement is equivalent to a liquidated damages clause. See American Capital Access Serv. Corp. v. Muessel, 28 A.D.3d 395, 814 N.Y.S.2d 139 (1st Dep't 2006) (holding a severance provision operates as a liquidated damages provision); Wanhope v. Press Co., 256 A.D. 433, 35, 10 N.Y.S.2d 797, 799 (3d Dep't 1939), aff'd, 281 N.Y. 607, 22 N.E.2d 171 (upholding severance provision in contract was exclusive remedy for breach and parties agreed to accept severance pay as full liquidated damages for any discharge).

Mr. Bingaman's Offer Letter with LexisNexis contains a severance provision, in the event of termination for "Good Reason" as alleged here by Plaintiff. Thus, even if the Court were to deny Defendant's Motion to Dismiss, in whole or in part, and assuming for purposes of this motion only that Mr. Bingaman resigned for "Good Reason," Plaintiff's damages, at most, would be limited by the liquidated damages provision in the Offer Letter.[6] To the extent Plaintiff's Complaint seeks any damages beyond this severance provision, these claims should be dismissed with prejudice.

---

[6] See also fn. 2, infra.

20

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss the Complaint in its entirety with prejudice should be granted, and the Court should grant such other and further relief it deems just and proper.

Respectfully submitted,

JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038
(212) 545-4000

Dated: February ___, 2008

By: _____
John A. Snyder II (JS 4786)
Mitchell Boyarsky (MB 7995)

ATTORNEYS FOR DEFENDANT
REED ELSEVIER, INC.

21